**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000030
19-MAY-2015
07:58 AM**

NO. CAAP-13-0000030

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANTHONY R. VILLENA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-12-01321)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Anthony R. Villena (Villena) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 20, 2012, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Villena was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), a violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(4) (Supp. 2014).

On appeal, Villena contends the District Court erred by (1) admitting the result of his blood alcohol test (a) without first requiring the State to introduce evidence by a qualified expert witness, (b) because it was not shown that the testing procedure used was generally accepted as valid, the testing procedure used was generally accepted as reliable if performed properly, and the testing procedure was properly conducted, and (c) because there was no evidence that the machine used to test Villena's blood sample was in proper working order, the operator was qualified to operate the machine, and the test was properly administered; (2) admitting evidence of Villena's blood test

_____

[1] The Honorable Clarence A. Pacarro presided.

result without requiring the State to demonstrate strict compliance with Hawaii Administrative Rules (HAR) § 11-114-23(a)(3) and (b); (3) admitting State's Exhibit 1, a letter from the Department of Health, State of Hawai'i (DOH), to a medical technologist for the City and County of Honolulu's Health Services Division Laboratory because it was inadmissable hearsay and not a self-authenticating document; and (4) admitting State's Exhibit 2, a sworn statement by the medical technologist because it was cumulative, contained hearsay statements, it was an improperly admitted prior consistent statement, and bolstered the testimony of the medical technologist.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Villena's points of error as follows:

(1)  Villena's first point of error is without merit. The State may establish the reliability of the blood test result with a record that shows that the DUI Coordinator approved the specific blood alcohol testing procedure and instrument.  State v. Werle, 121 Hawai'i 274, 283, 218 P.3d 762, 771 (2009).  As discussed below, State's Exhibit 1 (Exhibit 1) was properly admitted into evidence.  Exhibit 1, a letter dated November 5, 2011 and addressed to Karla Perry, the Medical Technologist/Lab Supervisor of the Health Services Division Laboratory of the City and County of Honolulu (Laboratory), from Tam T. Nguyen, Ph.D., State DUI Coordinator (Nguyen), stated that this letter constituted a license for the Laboratory in accordance with HAR Title 11, Chapter 114 based on the Laboratory having fulfilled the requirements of HAR-11-114-18(b) and that the license was good until November 5, 2012.  The letter also pronounced that Karla Perry (Perry) qualified as an Alcohol Testing Supervisor under HAR 11-114-19 and an Alcohol Analyst under HAR 11-114-20; and confirmed that the "ACE/ALERA Clinical Chemistry Analyzer" manufactured by Alfa Wassermann Diagnostic Technology, LLC, and the "Quantitative Enzymatic Determination of Alcohol" procedure had been evaluated and found to meet the requirements of HAR 11-114-22.

As discussed below, while State's Exhibit 2 (Exhibit 2) was improperly admitted into evidence, the error was harmless because it was not necessary to the admission of Perry's testimony regarding Villena's blood test results.

Perry testified that she was qualified under "Title 11, 114" to draw and perform alcohol analysis and to be an alcohol testing supervisor, that she used an ACE/ALERA instrument manufactured by Alfa Wasserman which was approved by the DUI Coordinator, she was trained to calibrate and operate the instrument, and the enzymatic method used by the instrument was approved by the DUI Coordinator.

(2) Villena failed to timely object to the State's alleged non-compliance with HAR § 11-114-23(a)(3) and (b). Villena only points to counsel's closing argument that the State failed to comply with HAR § 11-114-23(b) and admits that no objection was made on the ground of non-compliance with HAR § 11-114-23(a)(3). Therefore, the point of error is waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4); Hawaii Rules of Evidence (HRE) 103; Lee v. Elbaum, 77 Hawai'i 446, 452-53, 887 P.2d 656, 662-63 (App. 1993) (objection after all questioning has ended and witness has left stand is untimely and waived on appeal), cited with approval, In re Hawai'i Gov't Emps. Ass'n., Local 152, 116 Hawai'i 73, 99 170 P.3d 324, 350 (2007).

(3) The District Court properly admitted Exhibit 1. Exhibit 1, as described above, was admissible as a public record pursuant to HRE Rule 803(b)(8).

HRE Rule 803(b)(8) states:

(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency . . . unless the sources of information or other circumstances indicate lack of trustworthiness.

Exhibit 1 sets forth Nguyen's actions, as DUI Coordinator, of licensing the Laboratory, qualifying Perry as an Alcohol Testing Supervisor, and approving the testing procedure and device used by Perry's Laboratory. Nguyen's signature appears at the end of the letter. The parties acknowledged that Exhibit 1 was a document under seal. The document also bears Nguyen's signature as "State DUI Coordinator/Custodian of Records" below the

3

statement that "This is a true and correct copy of a public document on file in the Department of Health," and dated January 25, 2012. Exhibit 1 was therefore self-authenticating under HRE Rule 902(1). Villena points to no evidence evidencing a lack of trustworthiness of this document. Thus, Exhibit 1 qualified as a self-authenticated Public Record.

Exhibit 1 was also nontestimonial in nature and, therefore, not subject to the Confrontation Clause. State v. Fitzwater, 122 Hawaiʻi 354, 373-74, 227 P.3d 520, 539-40 (2010). Therefore, Exhibit 1 qualified as a public record under HRE Rule 803(b)(8) and was properly admitted by the District Court.

(4) Although the State did not lay a proper foundation to admit Exhibit 2, a sworn statement by Perry regarding the testing conditions, testing procedure, and result of Villena's blood test as a business record under HRE Rule 803(b)(6), the error in admitting this exhibit was harmless. Perry's testimony did not satisfy the foundational requirements of HRE 803(b)(6) to admit Exhibit 2. However, Perry's testimony, along with Exhibit 1, was adequate to lay the foundation for the admission of Villena's blood test result. Therefore, the admission of Exhibit 2 was harmless.

Our resolution of this issue makes it unnecessary to address Villena's other arguments regarding Exhibit 2.

THEREFORE,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 20, 2012 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawaiʻi, May 19, 2015.

On the briefs:

Phyllis Hironaka,
Pamela I. Lundquist,
Deputies Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge